IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JEFFREY WOOD,**                            Case No. 3:15 CV 775

     Petitioner,                            Judge Donald C. Nugent

     v.                                    Magistrate Judge James R. Knepp, II

**WARDEN, Marion Correctional Institution,**

     Respondent.                            REPORT AND RECOMENDATION

## INTRODUCTION

*Pro se* Petitioner Jeffrey Wood, a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent Warden of the Marion Correctional Institution filed a Return of Writ with attached exhibits. (Doc. 7). Petitioner did not respond. This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated May 27, 2015). For the reasons below, the undersigned recommends the Petition be dismissed.

## FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. In this case, Ohio's Sixth District Court of Appeals set forth the following findings of fact:

{¶1} Appellant, Jeffrey Wood, appeals a sentence imposed by the Lucas County Court of Common Pleas. For the reasons that follow, the judgment of the trial court is reversed.

{¶2} On October 31, 2005, appellant pleaded no contest to two counts of gross sexual imposition, each a violation of R.C. 2907.05(A)(4), and each a felony of the third degree, and to two counts of rape involving a juvenile, each a violation of R.C. 2907.02(A)(1)(b) and (B), and each a felony of the first degree. The charges involved the molestation of appellant's step-daughter when she was a young teen. In exchange for appellant's plea, the state agreed to enter a nolle prosequi on three additional counts, stipulate that appellant was a sexually oriented offender, and offer no sentencing recommendations.

{¶3} During the plea hearing, the trial court advised appellant of his rights under Crim.R. 11. In addition, the trial court informed appellant that he could receive a sentence of up to 30 years imprisonment and a fine of up to $60,000. After finding that appellant had waived his rights, the trial court accepted appellant's plea and found him guilty.

{¶4} A sentencing hearing was held on November 30, 2005. Pursuant to the trial court's December 28, 2005 judgment entry, appellant was sentenced to serve a prison term of four years on each count of gross sexual imposition, and a term of nine years on each count of rape. The trial court ordered that the sentences were to be served consecutively, for an aggregate prison term of 26 years. In addition, the trial court ordered appellant to pay a fine in the amount of $9,000 as to each count of gross sexual imposition and in the amount of $19,000 as to each count of rape, for a total fine of $56,000. These amounts were ordered to be taken from any money earned, benefits received, or royalties received in connection with the facts of this case. Finally, the trial court classified appellant as a sexually oriented offender.

## PROCEDURAL BACKGROUND

Respondent accurately summarized the procedural history and it is undisputed; therefore, it is incorporated herein with only minor changes. (Doc. 7, at 3-8).

## State Court Conviction

The May 2005 term grand jury of the Lucas Count of Common Please indicted Petitioner on one count of rape in violation of Ohio Revised Code §2907.02(A)(2); three counts of gross sexual imposition in violation of §2907.05(A)(4); and three counts of rape in violation of §2907.02(A)(1)(b) and (B). (Doc. 7, Exs. 2 & 3).

On September 13, 2005, Petitioner, through counsel, filed a motion to dismiss counts three, four, six, and seven of the indictment. (Doc. 7, Ex. 4). Petitioner retracted his former plea of not guilty, and entered pleas of no contest to rape as charged in counts five and six of the indictment and gross sexual imposition as charged in counts three and four of the indictment. (Doc. 7, Ex. 5). After being informed of his appellate rights, Petitioner was sentenced to an aggregate sentence of 26 years in prison. (Doc. 7, Ex. 6). The prosecution nolled counts one and two. (Doc. 7, Ex. 6). Then, on December 8, 2005, the court entered a *nunc pro tunc* order correcting the sentencing entry of November 30, 3005, and stating "a *nolle prosequi* is entered as to Count One, Count Two and Count 7." (Doc. 7, Ex. 7 at 4).

**Direct Appeal**

Petitioner, through new counsel, filed a timely notice of appeal on December 28, 2005, from the judgment of conviction. (Doc. 7, Exs. 8 & 9). Petitioner raised the following lone assignment of error:

> 1. The sentencing court violated [Petitioner's] constitutional rights by making findings of fact in imposing sentences pursuant to R.C. 2929.14 that were not the shortest authorized, that were found to the "worst form the offense", and by imposing consecutive sentences. [sic]

(Doc. 7, Ex. 10). The State filed a brief in response. (Doc. 7, Ex. 11). In its judgment of September 22, 2006, the court of appeals interpreted the then-recently decided *State v. Foster*, 109 Ohio St.3d 1 (2006), found Petitioner's sole assignment of error well-taken and remanded the case for resentencing to determine whether consecutive sentences are appropriate under Ohio Revised Code § 2929.14(B) and (E)(4). (Doc. 7, Ex. 12).

**2007 Resentencing**

On February 28, 2007, in light of *State v. Foster*, the court held a sentencing hearing and resentenced Petitioner, again, to an aggregate 26 years in prison. (Doc. 7, Ex. 13).

**Direct Appeal of 2007 Resentencing**

Petitioner, through counsel, filed a timely notice of appeal on March 29, 2007, from the resentencing judgment. (Doc. 7, Ex. 14). He raised the following sole assignment of error:

1. The trial court erred and violated [Petitioner's] constitutional rights. First, by not making the required statutory findings prior to imposing sentences that were not the shortest available and which were ordered served consecutively. And, because the sentence violated the Ex Post Facto Clause.

(Doc. 7, Ex. 16). The State filed a brief in response. (Doc. 7, Ex. 17). In its January 11, 2008, judgment, the appeals court affirmed the trial court judgment. (Doc. 7, Ex. 18). The 45-day time period for filing a timely appeal in the Ohio Supreme Court expired on Monday, February 25, 2008. Petitioner did not file such an appeal..

**Request for Resentencing**

More than five years later, on March 12, 2013, Petitioner, *pro se*, arguing his sentence violated Ohio's sentencing guidelines, filed a "Defendant's Supplemental Brief Supporting Resentencing as Required by Changes in the Law and the Procedural Position of this Case". (Doc. 7, Ex. 19). The State filed a brief in opposition on March 28, 2013. (Doc. 7, Ex. 20). Nearly ten months later, on February 4, 2014, Petitioner filed a *pro se* "Motion for Resentencing; Defendant's Clarification of his Prior Pleadings; and Motion for Judgment on the Pleadings". (Doc. 7, Ex. 21). The State again filed a response. (Doc. 7, Ex. 22). Petitioner, on April 18, 2014, again filed a *pro se* "Defendant's Supplemental Brief Supporting Resentencing as Required by Changes in the Law and the Procedural Position of this Case". (Doc. 7, Ex. 23). That same day, April 18, 2014, Petitioner again also filed a *pro se* "Motion for Resentencing; Defendant's Clarification of his Prior Pleading; and Motion for Judgment on the Pleadings". (Doc. 7, Ex. 24). In an order dated April 25, 2014, the trial court, treating Petitioner's motions as requesting post-

4

conviction relief, denied the motions, incorporating the argument presented by the State's briefing and finding the post-conviction relief effort untimely. (Doc. 7, Ex. 25).

**Appeal from 2014 Denial of Request for Resentencing**

Petitioner, *pro se*, filed a notice of appeal on May 27, 2014,[1] with the trial court from the April 25, 2014, judgment. (Doc. 7, Exs. 26 & 27). In his June 17, 2014 brief, Petitioner raised the following lone *pro se* assignment of error. He challenged the discretion of the trial court in denying his post-conviction petition as untimely and not granting leave to file a delayed post-conviction relief petition:

1.  Trial court discretion when denying action when R.C. 2953.23 permits review of petition for postconviction relief hearing after deadline requirement pursuant to R.C. 2953.21.

(Doc. 7, Ex. 28). The State filed a brief in response on July 16, 2014. (Doc. 7, Ex. 29). In its September 12, 2014 judgment, the appeals court affirmed the trial court. (Doc. 7, Ex. 30).

On October 7, 2014, Petitioner, *pro se*, filed a timely notice of appeal with the Ohio Supreme Court from this judgment. (Doc. 7, Exs. 31 & 32). In his *pro se* memorandum in support of jurisdiction filed that same date, Petitioner presented the following two propositions of law:

1.  The Sixth District Appellate Court abused their discretion when ignoring and/or failing to recognized the submitted facts that the requirements of R.C. 2953.21 for filing a late Petition for Post-Conviction relief was satisfied thereby rendering the Lucas County Trial Court denial to Post Conviction relief in Err when it was properly filed and supported by the requirements being satisfied.

2.  The remedies sought to this point has collectively denied me my right to my Direct Appeal and/or Due Process of Law.

---

1. Respondent asserts this was untimely because the 30-day appeal time from the April 25, 2014, judgment expired on Monday, May 26, 2014. Respondent further alleges the appeals court ignored the untimeliness of this appeal. (Doc. 7, at 6; *see* Doc. 7, Ex. 30). For the reasons below, the timeliness of this appeal is not relevant to the Court's analysis.

(Doc. 7, Ex. 33). On March 25, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (Doc. 7, Ex. 34). There was no further appeal from that judgment.

### FEDERAL HABEAS CORPUS

The instant *pro se* habeas petition, challenging Petitioner's 2005 judgment of conviction, was filed on April 7, 2015.[2] (Doc. 1, at 1-3 & 15). Petitioner presents the following two grounds for relief:

> **GROUND ONE**: Sentence violates due process of law.
> **Supporting Facts**: I'm entitled, as of right, to the minimal sentence +/ or non-consecutive sentences.
>
> **GROUND TWO**: Denied right to appeal
> **Supporting Facts**: Appeal court reversed sentence to later deny my appeal review based on statutory law which was ruled to be improper + incorrect thereby rendering me denied due process + a lawful sentence pursuant to law.

(Doc. 1, at 5-7).

### DISCUSSION

**Statute of Limitations**

Respondent argues the untimely Petition should be dismissed. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), there is generally a one-year period during which a prisoner in state custody may file a petition for habeas relief in federal court.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

2. A prisoner's appeal is considered filed when it is delivered to prison authorities for forwarding to the district court. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, in his grounds for relief, Petitioner essentially challenges the lawfulness of his sentence and resentence. The triggering event is section (A), "the expiration of the time for seeking [direct] review". § 2244(d)(1)(A); *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). Petitioner's appeal from the resentencing was affirmed by the state appeals court on January 11, 2008. (Doc. 7, Ex. 18). *See Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006) ("We now hold that the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final.").

Pursuant to Ohio law, an appeal to the Ohio Supreme Court from a state appeals court judgment must be filed within 45 days of the appeals court judgment. Ohio S.Ct.Prac.R. 7.01(A)(1)(a). Here, the 45-day period for an appeal to the Ohio Supreme Court expired on February 25, 2008, without Petitioner filing an appeal. Thus, the one-year AEDPA period began to run on February 26, 2008, and expired one year later. Petitioner did not file his Petition in this Court until April 7, 2015. (Doc. 1). The Petition is time-barred unless tolling applies or Petitioner has met his burden to show actual innocence.

**Statutory Tolling**

While the running of the limitations period may be tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral relief with respect to the pertinent judgment or claims under 28 U.S.C. § 2254 (d)(2), *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000), this statutory tolling provision does not revive the limitations period, it can only serve to pause a clock that has not yet expired. *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

Here, the AEDPA limitations period expired in 2009 and Petitioner did not begin to file motions for post-conviction relief until 2013. At that point, the AEDPA one-year limitations period had long since expired. Petitioner's motions for post-conviction relief do not revive the expired limitations period. Statutory tolling, therefore, does not apply.

**Equitable Tolling**

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). To demonstrate entitlement to equitable tolling, a petitioner must establish: 1) he has diligently pursued his rights; and 2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *see also Robinson*, 424 F. App'x at 442 (explaining that prior to *Holland*, the Sixth Circuit used the five factors elicited in *Dunlap v. U.S.*, 250 F.3d 1001 (6th Cir. 2001) to determine equitable tolling under AEDPA). Equitable tolling, however, is

granted sparingly, and evaluated on a case-by-case basis. *Vroman*, 346 F.3d at 604. The petitioner retains the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Here, Petitioner offers no extraordinary reason for his lack of due diligence in failing to file an appeal to the Ohio Supreme Court. He instead asserts the Petition is timely because it was filed after "new law [and] rulings" made his sentence unlawful, pursuant to 28 U.S.C. § 2244(d)(1)(B) or (C). (Doc. 1, at 14). This claim lacks merit and does not serve to toll the expired limitations period. In response to this argument the state appeals court noted:

{¶4} The trial court held the original sentencing hearing on November 30, 2005. In an order journalized on December 28, 2005, the trial court sentenced appellant to four years in prison for each count of gross sexual imposition and to nine years in prison for each count of rape. The trial court ordered that the sentences be served consecutively-thereby imposing a term of imprisonment totaling 26 years. Fines totaling $56,000 were also imposed. Appellant appealed.

{¶5} While the case was on appeal, the Ohio Supreme Court issued its decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. Subsequently, pursuant to *State v. Foster*, this court issued its decision and judgment entry of September 22, 2006, in the original appeal in this case. We reversed the trial court judgment and remanded the case to the trial court for resentencing.

{¶6} Resentencing proceeded in the trial court on February 28, 2007. The trial court found that appellant was not amenable to community control and that imposition of a prison sentence was consistent with the purposes of R.C. 2929.11. The trial court, over objection, resentenced appellant to the same sentence as originally imposed on November 30, 2005. Appellant objected to resentencing under *State v. Foster* and argued that any sentence imposed should be the minimum sentence and that sentences should run concurrently.

{¶7} The trial court's judgment was journalized on March 2, 2007, and appellant has pursued this appeal. Appellant asserts one assignment of error on appeal:

{¶8} "Assignment of Error I: The trial court violated Wood's constitutional rights by imposing sentences pursuant to R.C. 2929.14 that were not the shortest authorized, and by imposing consecutive sentences."

{¶9} In *State v. Foster*, the Ohio Supreme Court "declared certain portions of Ohio's sentencing laws unconstitutional as violative of a defendant's Sixth Amendment Right to a jury trial. Specifically, *Foster* held the following statutory sections unconstitutional: R.C. 2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C. 2929.41(A). *Foster* also specifically abrogated *Comer* [*State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165], and applied *Apprendi v. New Jersey* (2000), 530 U.S. 466; *Blakely v. Washington* (2004), 542 U.S. 296; and *United States v. Booker* (2005), 543 U.S. 220." *State v. Coleman*, 6th Dist. No. S-06-023, 2007-Ohio-448, ¶ 6.

{¶10} Pursuant to *Foster* "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, paragraph seven of the syllabus.

{¶11} Wood argues in this appeal that at the time of his offense Ohio's felony sentencing laws provided a possible sentence on each count of rape of three to ten years in prison and for gross sexual imposition of one to four years, and that, unless the trial court made certain findings of fact, the minimum sentence for each offense was to be imposed on each count. He also argues that the sentencing laws in effect at the time of his offense also required that sentences run concurrently absent statutorily mandated findings of fact.

{¶12} According to Wood, the "statutory findings in support of consecutive sentences that were not the shortest available were not properly made by the trial court." Wood contends that under the circumstance his term of imprisonment must be limited to a sentence of imprisonment for the minimum term on each count and that all sentences must run concurrently. Such an approach would limit his term of imprisonment to six years. The trial court has sentenced him twice, to the same prison term of 26 years.

{¶13} Wood acknowledges that the Supreme Court of Ohio in *State v. Foster* abrogated the statutory presumptions that sentences are for minimum terms and that they run concurrently. He claims that the Ohio Supreme Court's abrogation of the presumptions violates the Ex Post Facto Clause of the United States Constitution and also denies him due process of law.

{¶14} As this court recognized in *State v. Coleman*, "[a]s with other defendants whose appeals were pending when *Foster* was announced, appellant 'essentially seeks the benefit of *Foster's* substantive holding, but he wishes to avoid the remedial holding.' *State v. McGhee*, 3d Dist. No. 17-06-05, 2006-Ohio-5162." *Coleman*, ¶ 13.

{¶15} This court has considered ex post facto and due process challenges to resentencings required under *Foster* where the sentences imposed on resentencing were not the minimum sentence for the offense and where the sentences imposed

10

ran consecutively. Wood asserts the same constitutional challenge to the *Foster* remedy in this appeal. After due consideration of appellant's arguments, the court reaffirms its prior rulings that the *Foster* remedy does not violate the Due Process Clause or Ex Post Facto Clause. *See State v. Coleman*, supra; *State v. Barber*, 6th Dist. No. WD-06-036, 2007-Ohio-2821; *State v. Johnson*, 6th Dist. No. L-06-1364, 2007-Ohio-3470; *State v. Robinson*, 6th Dist. No. L-06-1205, 2007 Ohio-3577; *State v. Cortez*, 6th Dist. No. L-07-1063, 2007-Ohio-6360. Appellant's sole assignment of error is found not well-taken and denied.

{¶16} On consideration whereof, the court finds that substantial justice has been done the party complaining, and that the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

(Doc. 7, Ex. 36; *see also State v. Wood*, 2008 WL 110627 (Ohio Ct. App.)). For the well-explained reasons in the state court of appeals' opinion, Petitioner has not met his burden showing extraordinary circumstances to toll the expired period.

Petitioner also argues his Petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(D) "because [he] filed, upon [his] discovery of the laws [and] right to support [his] claims, a post [conviction] action to attempt, with no assistance, to obtain lawful relief." (Doc. 1, at 14). First, a petitioner's *pro se* status or ignorance of the law alone is not a sufficient ground for the Court to allow equitable tolling. *Quatrine v. Berghuis*, 2014 U.S. App. LEXIS 25050, at *7-8 (6th Cir. 2014). Second, to the extent he again argues the Petition is timely due to the holding in *Foster* that argument fails for the reasons above. Petitioner has failed to provide sufficient reasons for his failure to diligently pursue his rights. He has therefore failed to meet his burden to show equitable tolling should apply in this case.

In the extreme circumstance, a petitioner can prove his entitlement to equitable tolling through a showing of actual innocence under the "miscarriage of justice" standard. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). In these cases, a credible showing of actual innocence operates

11

to excuse procedural bars that would prevent a habeas petition. *Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005). Petitioner has made no such showing in this case and thus, this Court recommends his Petition be dismissed as time-barred.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the undersigned recommends the Petition be dismissed.

s/James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

12