UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY WOOD, | ) | CASE NO. 3:15CV775 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| | ) | |
| WARDEN, Marion Correctional Institution, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II. The Report and Recommendation (ECF #9), submitted on August 18, 2016, is hereby ADOPTED by this Court. As such, Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DISMISSED.

**Procedural and Factual Background**

In May 2005, the Lucas County Grand Jury indicted Petitioner on one count of rape in violation of Ohio Revised Code § 2907.02(A)(2); three counts of gross sexual imposition in violation of § 2907.05(A)(4); and three counts of rape in violation of § 2907.02(A)(1)(b) and (B). (ECF # 7-3). On September 13, 2005, Petitioner withdrew his former plea of not guilty, and entered pleas of no contest for two of the rape counts under § 2907.02(A)(1)(b) and (B), and two of the gross sexual imposition counts under § 2907.05(A)(4). (ECF # 7-5). On November 30, 2005, the Lucas County Court of Common Pleas sentenced Petitioner to 26 years in prison. (ECF # 7-6).

On December 28, 2005, Petition appealed his sentence to the Ohio Sixth District Court of Appeals. (ECF # 7-8). Petitioner raised only one assignment of error:

> 1) The sentencing court violated Wood's constitutional rights by making findings of fact in imposing sentences pursuant to R.C. 2929.14 that were not the shortest authorized, that were found to the "worst form the offense", and by imposing consecutive sentences.

(ECF # 7-10). The Sixth District Court of Appeals agreed with Petitioner and remanded the case back to Lucas County for a re-sentencing to be held in accordance with *State v. Foster*, 109 Ohio St.3d 1 (2006). (ECF # 7-12). On February 28, 2007, the Lucas County Court of Common Pleas re-sentenced Petitioner to 26 years in prison. (ECF # 7-13).

On March 2, 2007, Petitioner appealed his re-sentencing to the Sixth District Court of Appeals. (ECF # 7-14). Petitioner raised the following assignment of error:

> 1) The trial court erred and violated Wood's constitutional rights. First, by not making the required statutory findings prior to imposing sentences that were not the shortest available and which were ordered served consecutively. And, because the sentence violated the Ex Post Facto Clause.

(ECF # 7-16). The Sixth District Court of Appeals affirmed the trial court's re-sentencing, (ECF # 7-18), and Petitioner did not file a timely appeal to the Supreme Court of Ohio.

On March 12, 2013, Petitioner filed a "Defendant's Supplemental Brief Supporting Re-sentencing as Required by Changes in the Law and the Procedural Position of this Case" to the Lucas County Court of Common Pleas. (ECF # 7-19). Petitioner filed three additional briefs in support of his "Supplemental Brief" (ECF # 7-21, 7-23, 7-24), and the State filed two responses (ECF # 7-20, 7-22). On April 25, 2014, the trial court denied the motions (which it interpreted as motions for post-conviction relief) as untimely filed. (ECF # 7-25). Petitioner appealed the trial court's denial of his request to the Sixth District Court of Appeals raising the following assignment

of error:

> 1) Trial court discretion when denying action when R.C. 2953.23 permits review of petition for post-conviction relief hearing after deadline requirement pursuant to R.C. 2953.21.

(ECF # 7-27). On September 12, 2014, the Sixth District affirmed the trial court's denial of Petitioner's request. (ECF # 7-30). Petitioner appealed the Sixth District's decision to the Supreme Court of Ohio raising two propositions of law:

> 1) The Sixth District Appellate Court abused their discretion when ignoring and/or failing to recognize the submitted facts that the requirements of R.C. 2953.21 for filing a late Petition for Post-Conviction relief was satisfied thereby rendering Lucas County Trial Court denial to Post-Conviction relief in Err when it was properly filed and supported by the requirements being satisfied.
>
> 2) The remedies sought to this point has collectively denied me my right to my Direct Appeal and/or Due Process of Law.

(ECF # 7-33). On March 25, 2015, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal. (ECF # 7-34).

On April 7, 2015, Petitioner filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF # 1). This petition raises the following two grounds:

> 1) Sentence violates due process of law.
>
> 2) Denied right to appeal.

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge Knepp for the preparation of a report and recommendation. Magistrate Judge Knepp issued his Report and Recommendation on August 18, 2016, recommending that Petitioner's Writ of Habeas Corpus be dismissed as untimely filed and barred by the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996. Objections to the Report and

3

Recommendation were to be filed within 14 days of service.  No objections were filed.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo.  FED. R. CIV. P. 72(b)(3) provides this standard of review.  It states, in pertinent part, the following:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of portions of reports to which timely objections have been made; it does not indicate the appropriate standard of review for portions of the report to which no objections have properly been made. The Advisory Committee on Civil Rules commented on the standard of review stating "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted). "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### Conclusion

The Court has reviewed the Report and Recommendation, and all of the pleadings, affidavits, motions and filings of the parties de novo, and agrees with the findings of Magistrate Judge Knepp.

The Report and Recommendation of Magistrate Judge Knepp (ECF # 9) is ADOPTED. Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DISMISSED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons thoroughly

5

discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

    IT IS SO ORDERED.

                                              */s/Donald C. Nugent*
                                              DONALD C. NUGENT
                                              United States District Judge

DATED:   November 1, 2016